IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEARION ALVIN HARRIS,<br>Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | 3:10-CV-2653-K-BK |
| DALLAS AREA RAPID TRANSIT,<br>Defendant. | )<br>)<br>)<br>) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge for pretrial management. The cause is now before the Court for a recommendation on Defendant's *Motion to Dismiss for Lack of Jurisdiction* (Doc. 11). For the reasons discussed below, the Court recommends that the motion be **GRANTED**.

## BACKGROUND

Liberally construing his complaint, Plaintiff brought this *pro se* case pursuant to 42 U.S.C. § 1983, alleging retaliatory and wrongful termination by Defendant Dallas Area Rapid Transit ("DART") based on Plaintiff's exercise of his First Amendment rights. (Doc. 7 at 6); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (providing that the courts should liberally construe *pro se* pleadings). Plaintiff filed his initial complaint in December 2010 and an amended complaint in January 2011. (Doc. 1; Doc. 7). In his amended complaint, he claims that after 34 years of employment, DART fired him for starting a petition requesting that DART reinstate transportation services to a certain low-income community on Sundays. (*Id*. at 2-3). Plaintiff claims that DART also had him arrested for theft of service shortly before he was terminated, but

the police did not pursue the case, and the bond ultimately was discharged in July 2007. (*Id.* at 4-5).

Defendant has filed a *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(6), averring that Plaintiff's complaint fails to state a claim for which relief may be granted because (1) the statute of limitations on Plaintiff's claim expired before he filed his complaint, and (2) Plaintiff did not exhaust his administrative remedies. (Doc. 11 at 2). With regard to the statute of limitations defense, Defendant claims that it is undisputed that Plaintiff was terminated in December 2006, which Plaintiff admitted in his initial complaint and which Defendant supports with an affidavit. Thus, Defendant concludes, Plaintiff's filing of his complaint, approximately four years after his termination, renders his complaint untimely. (*Id.* at 3). Plaintiff responds that he did exhaust his administrative remedies by virtue of his membership in his union. He does not address Defendant's statute of limitations argument, however. (Doc. 14).

## APPLICABLE LAW AND ANALYSIS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 572 (2007). However, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003). Generally, the court may not look beyond the four corners of the plaintiff's pleadings in ruling on a motion to dismiss. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999).

The Court will first address Defendant's claim that Plaintiff's suit is barred as untimely by the statute of limitations. (Doc. 11 at 2). Section 1983 does not have a specified statute of limitations, and federal courts borrow the general personal injury limitations period from the law of the state in which they sit. *Owens v. Okure*, 488 U.S. 235, 239, 240-41 (1989). In Texas, the personal injury statute of limitations is two years. *Slack v. Carpenter*, 7 F.3d 418, 419 (5th Cir. 1993). Although federal courts look to state law to determine the limitations period, "federal law governs when a cause of action under § 1983 accrues . . . [i.e.] when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gatrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). For a First Amendment wrongful termination claim under section 1983, the statute of limitations begins to run on the date when the plaintiff is fired. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).

Here, it is evident from the face of Plaintiff's amended complaint that his claim is barred by the statute of limitations. (Doc. 7 at 4-5). Plaintiff alleges that, after he opposed DART's Sunday service policy, DART had him arrested for theft of service and terminated him. (*Id.*). He further claims that he posted bond, the criminal case against him was never filed, and his bond ultimately was discharged in July 2007. (*Id.*). Plaintiff did not file the present suit until December 2010. (Doc. 1). Although Plaintiff's amended complaint fails to specify the date of his termination, it is clear under the facts he stated that he was terminated before his criminal bond was discharged in July 2007. Because December 2008 is the latest he could have been terminated and still have timely filed suit, his complaint is untimely.[1] (*See* Doc. 11 at 4-5).

---

[1] Notably, Defendant's *Motion to Dismiss,* the affidavit attached thereto, and Plaintiff's original complaint all agree that the exact date of Plaintiff's termination was December 27, 2006. (Doc. 1; Doc. 11 at 1, 6).

Therefore, Plaintiff's complaint fails to state a claim upon which relief may be granted because, on its face, it is barred by the statute of limitations. *Jones*, 339 F.3d at 366. As such, the Court need not address Defendant's argument that Plaintiff failed to exhaust his administrative remedies before filing this suit.

## CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted. *See* FED.R.CIV.P. 12(b)(6). Accordingly, it is recommended that Defendant's *Motion to Dismiss* (Doc. 11) be **GRANTED**.

**SO RECOMMENDED** on April 19, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE